UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAMIE FRANKLIN,

                            Plaintiff,

   -against-                                        6:18-CV-0342 (LEK/ATB)

ADJUSTERS INTERNATIONAL, INC.,

                            Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Mamie Franklin brought this action against her former employer, Adjusters International, Inc., alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*, and 42 U.S.C. § 1981. Dkt. No. 1 ("Complaint"). Now before the Court is Defendant's motion to dismiss for failure to prosecute. Dkt. No. 41 ("Motion"); see also Dkt. Nos. 41-1 ("Memorandum"), 41-2 ("Melvin Declaration"). Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted in part and the Complaint is dismissed without prejudice.

**II.    BACKGROUND**

    **A.  Factual Background**

According to the Complaint, Plaintiff, a black woman, signed a contract of employment with Defendant on October 24, 2013, and then four days later began working for Defendant as a Quality Control Specialist in connection with the Hurricane Sandy Hazard Mitigation Grant Program in Albany, New York. Compl. ¶ 7. Plaintiff alleges that, while employed by Defendant, she was subjected to racial discrimination in the form of harassment and a hostile work

environment; suffered adverse action because of her complaints about this discrimination; and was wrongfully terminated. Id. ¶¶ 48–56.

### B. Procedural Background

On December 28, 2016, Plaintiff filed her Complaint in the United States District Court for the Eastern District of Louisiana ("Louisiana Court"), because Plaintiff is currently domiciled in that district. See Compl. ¶ 1. However, upon motion of Defendant, Dkt. No. 7, the Louisiana Court transferred the case to this Court on March 13, 2018, because both Plaintiff and Defendant were based in the Northern District of New York during Defendant's alleged discriminatory actios, Dkt. No. 28 ("Transfer Order") at 10–13.

On October 4, 2017, prior to that transfer, Defendant served its first set of interrogatories and first request for production of documents on Plaintiff. Dkt. No. 22-4 ("Defendant's First Discovery Request"). Plaintiff failed to provide any responses or objections to Defendant's discovery requests within thirty days of service. Dkt. No. 24 ("January 2018 Order") at 1. After Plaintiff failed to reply to Defendants' follow-up letters, Plaintiff moved to compel Plaintiff's discovery response. Dkt. No. 22 ("Motion to Compel"). Plaintiff did not respond to the motion. Jan. 2018 Order at 1. On January 31, 2018, the Louisiana Court ordered Plaintiff to file responses to Defendant's discovery requests within fourteen days, and ordered that all objections, except on the basis of attorney-client privilege or the work product doctrine, be deemed waived. Id.

On April 23, 2018, the Honorable Andrew T. Baxter, U.S. Magistrate Judge, conducted a Rule 16 telephone conference at which Plaintiff failed to appear. Dkt. No. 35 ("April 2018 Text Order"). Judge Baxter then re-scheduled the conference for May 3, 2018, advising Plaintiff via text order that failure to appear could result in the dismissal of this action. Id.

Plaintiff appeared for the May 3, 2018 telephone conference. May 3, 2018 Dkt. Entry. Plaintiff advised the Court that she had not responded to Defendant's discovery demands because she believed a then-pending motion stopped discovery, but was now prepared to respond to the discovery demands. Id. Judge Baxter directed Plaintiff to serve responses to Defendant's written discovery demands and a proposed amended complaint upon defense counsel by June 4, 2018. Id.

On June 4, 2018, Plaintiff e-mailed her responses to Defendant's interrogatory and document demands. Dkt. No. 41-4 ("Plaintiff's Discovery Response"). However, Plaintiff's Discovery Response failed to include any documents or information, instead raising objections deemed waived by the January 2018 Order. Id.

On June 8, 2018, Defendant's counsel emailed and mailed Plaintiff a discovery deficiency letter, and requested updated responses by June 22, 2018. Dkt. No. 41-5 ("June 8, 2018 Letter").

By text order dated June 18, 2018, Judge Baxter directed the parties to meet and confer regarding the outstanding discovery issues in advance of the July 18, 2018 telephonic status conference. Dkt. No. 38 ("June 2018 Text Order"). On June 25, June 26, and July 6, Defendant's counsel e-mailed Plaintiff to determine the status of her updated discovery responses, as well as her availability to meet and confer pursuant to Judge Baxter's June 2018 Text Order. Dkt. No. 41-6 ("June–July 2018 Email Chain").

On July 16, 2018, Defendant filed a status report advising Judge Baxter that it had not received any response from Plaintiff. Dkt. No. 39 ("July 2018 Status Report"). To date, Defendant has not received any response from Plaintiff. Melvin Decl. at 3.

On July 18, 2018, Plaintiff failed to appear by telephone for a status conference before Judge Baxter, who then granted Defendant leave to file a motion to dismiss for failure to prosecute. July 18, 2018 Dkt. Entry.

On July 23, 2018, Defendant filed its answer to Plaintiff's Complaint. Dkt. No. 40 ("Answer"). On August 1, 2018, Defendant moved to dismiss Plaintiff's claims in their entirety, and with prejudice, for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Mot. Plaintiff has not responded. Docket.

As of the date of this Decision and Order, Plaintiff has failed to provide an updated response to Defendants' discovery demands or requests. Docket; Melvin Decl. Plaintiff has not communicated with the Court or Defendant since June 4, 2018. Docket; Melvin Decl.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a pro se plaintiff's claim "only when the circumstances are sufficiently extreme." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. Id. (citing Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is dispositive:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in

> receiving a fair chance to be heard, and (5) whether the judge has
> adequately considered a sanction less drastic than dismissal.

Id. at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months. See, e.g., Deptola v. Doe, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005); Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01-CV-3417, 2002 WL 1770813, at *2–4 (S.D.N.Y. July 31, 2002); Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000).

**IV. DISCUSSION**

The Court finds that the Baptiste factors weigh in favor of dismissal in this case.

As to the first factor, on January 31, 2018, the Louisiana Court ordered Plaintiff to respond to Defendant's discovery requests by February 14, 2018, Jan. 2018 Order at 1, and limited Defendant's discovery objections to those based on attorney-client and work product privileges, Jan. 2018 Order at 1. Yet Plaintiff has not responded to Defendant's discovery requests even now, one year later, save for a perfunctory response that raised already-waived objections. Pl.'s Discovery Resp. Plaintiff has ignored Plaintiff's messages about discovery, failed to attend a status conference before Judge Baxter, and failed to confer with Defendant about discovery, despite Judge Baxter's June 2018 Order. June 8, 2018 Letter; June–July 2018 Email Chain; July 18, 2018 Dkt. Entry; June 2018 Order. Plaintiff has made no contact with the Court or defense counsel since June 4, 2018, seven months ago, Docket; Melvin Decl., well in

5

excess of the four months that create a presumption of lack of prosecution under the Local Rules. L.R 41.2(a) There is no basis for believing that a renewal of communication is imminent; indeed Plaintiff has not even responded to this Motion to dismiss for lack of prosecution. Docket.

As to the second factor, Plaintiff has been informed, via text order, Plaintiff's Motion, and the local rules, that failure to participate in this case may result in dismissal. Apr. 2018 Text Order; Mot. "[C]ourts have found that the filing of a motion to dismiss for failure to prosecute provides the necessary notice" under Rule 41. La Grande v. Decrescente Distrib. Co., No. 06-CV-467, 2011 WL 3794233, at *3 (N.D.N.Y. Aug. 24, 2011); see also Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (finding that N.D.N.Y. Local Rule 41.2(a) may serve as notice that delay leads to dismissal).

As to the third factor, further delay would prejudice Defendants. The discovery period in this case was scheduled to close by March 21, 2018, Dkt. No. 17 at 4, but discovery has been delayed due to Plaintiff's absence from the case.

As to the fourth factor, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless she offers some indication that she intends to take up that opportunity. Plaintiff has made no such indication.

Finally, as to the fifth factor, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." Singleton v. City of New York, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). A financial penalty may be even stronger medicine than dismissal for a pro se plaintiff.

Simply put, "[t]here is no indication that [Plaintiff] wishes to continue with this action." Garcia v. Tal on 1st Inc., No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016).

The "circumstances are sufficiently extreme" to warrant dismissal. Id. (citing Lucas, 84 F.3d at 535); see also, e.g., Osborn v. Montgomery, No. 15-CV-9730, 2018 WL 2059842, at *1–2 (S.D.N.Y. May 1, 2018) (adopting magistrate judge's recommendation of dismissal after a pro se litigant's failure to update his address and communicate with the court or opposing counsel caused a five-month delay in proceedings).

Accordingly, this case is dismissed without prejudice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 41) is **GRANTED in part**,[1] and Plaintiff's claims are **DISMISSED in their entirety without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      February 21, 2019
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] Defendant's Motion is granted in its entirety except for its request that dismissal be with prejudice.