UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAMIE FRANKLIN,

                Plaintiff,

-against-                            6:18-CV-0342 (LEK/ATB)

ADJUSTERS INTERNATIONAL, INC.,

                Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Mamie Franklin, a licensed attorney, brought this action against her former employer, Adjusters International, Inc., alleging race discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Dkt. No. 1 ("Complaint"). Now before the Court is Plaintiff's motion for reconsideration filed pursuant to Rule 60 of the Federal Rules of Civil Procedure. Dkt. No. 45 ("Motion"). In her Motion, Plaintiff asks the Court to reconsider its February 21, 2019 Decision and Order granting Defendant's motion to dismiss for failure to prosecute. Mot. at 4; see also Dkt. No. 44 ("February 2019 Order"). For the following reasons, the Court denies Plaintiff's Motion.

**II.    BACKGROUND**

A full description of the facts surrounding this case can be found in the Court's February 2019 Order. Feb. 2019 Order at 1–4. In brief, Plaintiff alleges that, while employed by Defendant, she was subjected to racial discrimination in the form of harassment and a hostile work environment and suffered adverse action because of her complaints about this discrimination. Compl. ¶¶ 48–56. She consequently filed suit on December 28, 2016 in the United States District Court for the Eastern District of Louisiana (the "Louisiana Court"), the

district in which she is domiciled. Compl. ¶ 1. However, once the lawsuit began, Plaintiff demonstrated scant interest in pursuing it.

Discovery began in late 2017 but immediately ran into a hiccup when Plaintiff failed to respond—or object—to several of Defendant's discovery requests. See Dkt. No. 24 ("January 2018 Order"). Defendant then moved to compel, and Plaintiff failed to respond to that motion as well. Id. at 1. As a result, the Louisiana Court ordered that any objections Plaintiff might have to Defendant's discovery requests, except those the based on attorney-client privilege or the work product doctrine, be deemed waived. Id.

After transfer to this District,[1] Plaintiff failed to appear for an April 23, 2018 telephone conference before the Honorable Andrew T. Baxter, United States Magistrate Judge. Dkt. No. 35 ("April 2018 Text Order"). Plaintiff then appeared for a rescheduled May 3, 2018 telephone conference and Judge Baxter ordered her to serve responses to Defendant's discovery demands by June 4, 2018. May 3, 2018 Dkt. Entry. On June 4, 2018, Plaintiff "responded" to Defendant's discovery requests, but instead of producing responsive documents or information, she raised objections deemed waived by the January 2018 Order. Dkt. No. 41-4 ("Plaintiff's Discovery Response").

On June 18, 2018, in an effort to resolve these discovery issues, Judge Baxter ordered the parties to meet and confer prior to a July 18, 2018 status conference. Dkt. No. 38 ("June 2018 Text Order"). Plaintiff failed to respond to any of Defendant's requests to meet and confer, nor did she attend the July 2018 status conference before Judge Baxter. July 18, 2018 Dkt. Entry. Based on all of this conduct, on August 1, 2018, Defendant moved to dismiss Plaintiff's claims

---

[1] In March 2018, the Louisiana Court ordered the case transferred to this District because both parties were based here when Defendant engaged in its alleged discriminatory conduct. Dkt. No. 28 ("Transfer Order") at 10–13.

2

for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. No. 41 ("Motion to Dismiss"). The Court granted that motion. Feb. 2019 Order.

On April 2, 2019, over a month after the Court issued the February 2019 Order, Plaintiff filed the instant Motion asking the Court to reconsider its decision to dismiss Plaintiff's claims. Mot. Defendant opposes Plaintiff's Motion. Dkt. No. 46 ("Opposition").

### III. LEGAL STANDARD

Motions for reconsideration in the Northern District of New York proceed under Local Rule 7.1(g) and Federal Rule of Civil Procedure 60. United States v. Chiochvili, 103 F. Supp. 2d 526, 528 (N.D.N.Y. 2000). Generally, courts "recognize[] only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Id. Motions for reconsideration are "considered extraordinary judicial relief," Giarrizzo v. Holder, No. 07-CV-801, 2012 WL 28298, at *1 (N.D.N.Y. Jan. 5, 2012) (internal quotation marks omitted), and are not "opportunit[ies] for [a] litigant to take a second bite at the apple." Gomez v. Dep't of Corr. & Cmty. Supervision, No. 18-CV-773, 2018 WL 4846411, at *2 (N.D.N.Y. Oct. 5, 2018) (internal quotation marks omitted). Thus, "[t]he standard for granting a motion for reconsideration is strict." Smith v. New York State, No. 17-CV-558, 2018 WL 6173035, at *1 (N.D.N.Y. Nov. 26, 2018) (Kahn, J.).

### IV. DISCUSSION

Plaintiff requests that the Court reconsider its February 2019 Order. Mot. at 4. As an initial matter, Plaintiff does not allege an intervening change in controlling law, nor the need to correct a clear error of law or prevent manifest injustice. See generally id. Instead, Plaintiff appears to press her motion on "new evidence" grounds. See id.; see also Puebla Palomo v. DeMaio, No. 15-CV-1536, 2018 WL 10323054, at *2 (N.D.N.Y. July 17, 2018) (Kahn, J.)

3

(recognizing "the availability of new evidence" as grounds for granting a motion for reconsideration).

Plaintiff proffers two explanations for her failure to prosecute her case. First, Plaintiff states that she had "a scheduled appearance before a Louisiana Court . . . on an unrelated matter" on July 18, 2018, the day she missed a status conference in front of Judge Baxter. Mot. at 2. Plaintiff claims that she "believed she would be dismissed in time to participate [i]n the status conference," but "[u]nfortunately, she was delayed by the Louisiana Court and her appearance was extended longer than she anticipated." Id. These events caused her to miss the status conference. Id.

Second, Plaintiff states that "[t]hereafter, Plaintiff traveled out of the country and was unavailable for the following weeks." Id. According to Plaintiff, this resulted in her having "no knowledge" of Defendant's request for dismissal at the July 18, 2018 status conference. Id.[2]

This supposed "new evidence" does not satisfy the standard necessary for granting a motion for reconsideration. Generally, "[t]o obtain reconsideration of a judgment based upon newly discovered evidence, each of the following four factors must be met: (1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative." Gomez v. Dep't of Corr. & Cmty. Supervision, No. 18-CV-773, 2018 WL 4846411, at *2 (N.D.N.Y. Oct. 5, 2018).

Here, several of these factors are not met. Plaintiff did not "discover" this evidence after

---

[2] The Court notes here that Plaintiff has submitted no documentation in support of her statements that she had a conflicting court appearance in Louisiana on July 18, 2018 and, thereafter, was out of the country.

4

the Court's February 2019 Order, nor is the evidence "not previously available." See Chiochvili, 103 F. Supp. 2d at 528. For example, Plaintiff appears to admit that she was aware of the Louisiana court appearance prior to July 18, 2018, and since the July 18 conference with Judge Baxter was scheduled on July 10, 2018, see 07/10/2018 Docket Entry, this gave Plaintiff a week to inform the Court of her conflicting obligation and ask for an adjournment. Nor was Plaintiff "excusably ignorant" of these facts. There is no question that she knew about the July 2018 scheduling conflict and about her trip abroad prior to Court issuing its February 2019 decision dismissing her case. Yet Plaintiff made no efforts to inform the Court or Defendants of these developments during the more than six months between the July 18, 2018 court conference and the Court's February 21, 2019 decision. On these bases alone, Plaintiff's motion fails. See Gomez, 2018 WL 4846411, at *2 (denying motion for reconsideration where plaintiff did not assert that purportedly "new" documents were outside his possession when he filed his complaint and failed to provide any explanation for why the records were not annexed to the complaint in the first instance).

More problematic still, there are significant holes in Plaintiff's explanation. Plaintiff argues that she had "no knowledge" that Defendant was moving to dismiss for failure to prosecute. Mot. at 2. However, as Defendant points out in its Opposition, the Court issued a text order on July 18, 2018 informing the parties that "Defendant is granted leave to file a motion to dismiss for failure to prosecute." Opp'n at 3; see also July 18, 2018 Dkt. Entry. And there is little doubt that Plaintiff received electronic notifications about the Court's text orders because she admitted that she had been receiving notifications of docket entries at the May 3, 2018 court conference. See May 3, 2018 Dkt. Entry. Further, Plaintiff has failed to explain in her briefing exactly when she left the country, how long she was gone for, where she went, why she had to

leave, and why that travel prevented her from receiving ECF notifications or informing the Court of her absence.

Overall, Plaintiff had several opportunities to explain her failure to prosecute to the Court, yet failed to come forward until more than a month after the Court dismissed her case. The "new evidence" in question—that Plaintiff's Louisiana Court appearance was extended longer than anticipated, and immediately following that appearance Plaintiff left the country for several weeks—was in Plaintiff's hands and should have timely been brought to the Court's attention prior to its February 2019 Order. Under the circumstances, the Court finds that Plaintiff has failed to meet the onerous standard required to grant a motion for reconsideration, and therefore the Court denies Plaintiff's Motion. See United States v. Yarbrough, No. 04-CR-476, 2005 WL 6144289, at *3 (N.D.N.Y. Feb. 24, 2005), aff'd, 179 F. App'x 769 (2d Cir. 2006) (Kahn, J.) (denying motion for reconsideration where defendant admitted to knowing of the existence and content of certain evidence prior to the Court's decision).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion for reconsideration (Dkt. No. 45) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: February 24, 2020
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge